**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SHARON VIENS,<br><br>          Plaintiff,<br><br>v.<br><br>PENNYMAC HOLDINGS LLC, and<br>PENNYMAC LOAN SERVICES, LLC,<br><br>          Defendants. | C.A. No.   17-cv-00341-M-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants PennyMac Holdings, LLC ("PennyMac Holdings") and PennyMac Loan Services, LLC ("PLS") (collectively, "Defendants") submit this memorandum of law in support of Defendants' Motion to Dismiss. Plaintiff Sharon Viens ("Plaintiff") filed a four-count Complaint that makes a three-pronged attack on Defendants' pre-foreclosure notices. Her claims rest entirely on her allegations (1) that PennyMac Holdings is not the proper entity to foreclose on her mortgage loan; (2) that Defendants failed to send her a notice of default; and (3) that Defendants failed to send her notice of acceleration. Before this case was removed to federal court, the Providence County Superior Court rejected these arguments, determined that she was unlikely to prevail on the merits, and denied her motion for preliminary injunction. For similar reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

With respect to Plaintiff's first two allegations, documents central to the Complaint – which effectively merge into the pleadings (and were part of the preliminary injunction record) – demonstrate that Plaintiff has no plausible entitlement to relief. Such documents show (1) that the corporate name of PennyMac Holdings changed so that it is the actual mortgagee; and

(2) that Defendants did, in fact, send her a notice of default. Her third argument is easily dismissed based on a plain reading of the mortgage, which expressly provides that a separate acceleration notice is not required.

## FACTS

### I. The Mortgage

The facts alleged in the Complaint (attached hereto as Exhibit A), as supplemented by documents incorporated into the Complaint and otherwise susceptible to judicial notice, are as follows. To secure a promissory note with the principal sum of $715,000, Plaintiff granted a mortgage in September 2007 on real property located at 70 Freeman Parkway, Providence, Rhode Island (the "Property" and the "Mortgage"). See *Complaint*, ¶ 3; see also *Mortgage* (Exhibit A to the Complaint). The Mortgage identified the mortgagee as Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for original lender Countrywide Bank, FSB. Id. In October 2013, Bank of America, N.A., as successor-in-interest to Countrywide Bank, assigned the Mortgage to PennyMac Mortgage Investment Trust Holdings I, LLC. See *Complaint*, ¶ 4; see also *Assignment* (Exhibit B to the Complaint).[1]

### II. The Holder of the Note and Mortgage

PennyMac Mortgage Investment Trust Holdings I, LLC changed its corporate name and is now known as PennyMac Holdings, LLC. See *Corporate Disclosure Statement of PennyMac Holdings, LLC* (attached hereto as Exhibit B); see also *Affidavit of Johnny Morton In Support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction*

---

[1] Paragraph 4 of the Complaint mistakenly transposes the words "Holdings" and "Trust" in referring to the assignee as "Pennymac Mortgage Investment Holdings Trust I, LLC." As indicated in Exhibit B to the Complaint, the actual assignee is "PennyMac Mortgage Investment Trust Holdings I, LLC."

(attached hereto as Exhibit C) ("Morton Affidavit").[2] PennyMac Holdings, LLC holds the Mortgage that was assigned to PennyMac Mortgage Investment Trust Holdings I, LLC. See *Morton Affidavit*, ¶ 8. PennyMac Holdings, LLC also holds Plaintiff's Note. Id.

### III. Pre-Foreclosure Notices Pursuant to Paragraph 22 of the Mortgage

On March 3, 2015, PLS sent to Plaintiff by certified mail a "Notice of Default and Intent to Accelerate." See *Morton Affidavit*, ¶ 9 & Exhibit 2 ("Notice of Default"). As indicated in the Notice of Default, Plaintiff had not made a mortgage payment since before July 1, 2008. Id. The Notice of Default complies in all respects with Paragraph 22 of the Mortgage. Compare *Notice of Default* with *Mortgage*, at ¶ 22. Among other things, the Notice of Default specified (a) that Plaintiff was in default; (b) the action required to cure the default by a date greater than thirty-days away; (c) that the failure to cure by said date may result in acceleration and result in a foreclosure sale; and (d) that Plaintiff has a right to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure. See *Notice of Default*. Plaintiff failed to cure her default, and a foreclosure sale was duly noticed and scheduled for June 21, 2017. See *Morton Affidavit*, ¶ 10. See also *Complaint*, ¶ 7 & Exhibit C to the Complaint.

### IV. The Complaint and Preliminary Injunction Proceedings

On June 19, 2017, Plaintiff filed in Providence Superior Court (1) a Complaint; and (2) a Motion for Temporary Restraining Order and Preliminary Injunction (attached hereto as

---

[2] This motion's reference to the record in this case does not require consideration as a motion for summary judgment. In ruling on Rule 12(b)(6) motions, Courts may properly consider documents that are central to plaintiff's claim, sufficiently referred to in the complaint, or matters of public record. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003) (considering "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice").

3

Exhibit D). The Complaint alleges claims against Defendants for (I) Breach of Contract; (II) Violation of Covenant of Good Faith and Dealing; (III) Injunctive Relief; and (IV) Violation of the Rhode Island Fair Debt Collection Practices Act. See generally *Complaint*. All claims in Plaintiff's Complaint, as well as the basis for her request for a preliminary injunction, rely on three allegations of wrongdoing: (1) PennyMac Holding, LLC having no interest in the Mortgage and, thus, not being entitled to foreclose; (2) Plaintiff not being sent a notice of default; and (3) Plaintiff not being sent a notice of acceleration. See generally *Complaint*.

Defendants successfully opposed the Motion for Preliminary Injunction by demonstrating (a) that PennyMac Holdings had changed its corporate name, so it is the holder of the Note and Mortgage; and (b) that it sent the proper pre-foreclosure notices pursuant to Paragraph 22 of the Mortgage. See *Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction* (attached hereto as Exhibit E); see also *Morton Affidavit*. Accordingly, the Providence Superior Court (Licht, J.) determined that Plaintiff was unlikely to prevail on the merits and denied Plaintiff's Motion for Preliminary Injunction. See Exhibit F (Order). Thereafter, Defendants caused the matter to be removed to this Court.

Plaintiff originally claimed in an affidavit that the Notice of Default was never **sent**. See *Plaintiff's Affidavit dated 6/19/17*, at ¶ 13 (attached hereto as Exhibit G). After receiving Defendants' opposition papers, which included an as-sent copy of the Notice of Default and unsigned copy of the certified mail receipt, Plaintiff filed an affidavit stating that the Notice of Default was never **received** by her and that the Post Office's website indicates "status not available" for the certified mail tracking number. See *Plaintiff's Affidavit dated 6/26/17* (attached hereto as Exhibit H). Defendants received this affidavit immediately before the hearing, so Defendants' counsel appeared at the preliminary injunction hearing with the

certified mail receipt as executed by Plaintiff. See *Affidavit of Carl E. Fumarola* (attached hereto as Exhibit I). At the preliminary injunction hearing, Plaintiff initially argued that Defendants' counsel could not authenticate the executed certified mail receipt, but Plaintiff backed off this position and admitted signing the certified mail receipt once the Court invited Defendants' counsel to examine Plaintiff.

Ultimately, during the preliminary injunction hearing, Plaintiff abandoned her argument that the foreclosure was being conducted by the improper party due to Defendants' submissions regarding the corporate name change. See Exhibit B and Exhibit C. Once confronted with the executed certified mail receipt, Plaintiff also abandoned her argument about not receiving the Notice of Default and Intent to Accelerate. See Exhibit C and Exhibit H. Plaintiff focused on her sole remaining argument: that Defendants failed to send a separate acceleration notice after she failed to cure the default. The Superior Court rejected such an argument when denying the preliminary injunction motion, finding that no such notice is required. See *Order* (attached hereto as Exhibit F).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1964-65. A plaintiff may not fashion a complaint with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949-50 (2009). "[T]he complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1937, 1949). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Id. (citing Twombly, 127 S. Ct. at 1965).

"In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to plaintiff's claim which are attached to a defendant's motion." Sellers v. U.S. Dep't of Def., No. C.A. 07-418S, 2009 WL 559795, at *6 (D.R.I. Mar. 4, 2009) (quoting Arizmendi v. Lawson, 914 F.Supp. 1157, 1160–61 (E.D.Pa.1996)); see also Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33–34 (1st Cir. 2001). When "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) (documents attached to defendant's motion are considered part of the pleadings if they are central to plaintiff's claim).


# ARGUMENT

## I. Count I – Breach of Contract

Plaintiff asserts a claim for breach of contract against Defendants based on their alleged failure to send a notice of default pursuant to Paragraph 22 of the Mortgage. See *Complaint*, ¶¶ 22-25. Assuming Plaintiff intends to proceed with such a claim (and has not abandoned this argument as indicated at the preliminary injunction hearing), it is readily apparent such a claim is not plausible and should be dismissed pursuant to Fed R. Civ. P. 12(b)(6). As previously demonstrated – by a document that is central to Plaintiff's claim and merges into the pleadings – Defendants sent Plaintiff a Notice of Default and Intent to Accelerate. See *Morton Affidavit*, ¶ 9 & Exhibit 2 (Notice of Default). Because this document is central to Plaintiff's claim, and part of the Court's file, it may be considered for Rule 12(b)(6) purposes without converting the matter into a Rule 56 motion. See Alternative Energy, Inc., 267 F.3d at 33–34.

In addition, a comparison of Paragraph 22 of the Mortgage and the Notice of Default indicates that it complies in all respects with Paragraph 22 of the Mortgage. Namely, the Notice specifies (a) Plaintiff's default, (b) the actions required to cure the default, (c) a date, not less than 30 days from the date the Notice was sent, by which Plaintiff must cure her default, (d) that the failure to cure the default on or before the date specified may result in acceleration of the sums secured and sale of the Property, and (e) Plaintiff's right to reinstate after acceleration, and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale, among other things. Compare *Notice of Default* with *Mortgage*, at ¶ 22.

Plaintiff also alleges that she "never received an acceleration notice as required by the terms of my mortgage." See *Complaint*, ¶ 11. Assuming this allegation is sufficiently pled

for purposes of her breach of contract claim, the claim still fails as a matter of law pursuant to the plain language of the Mortgage.  See In re Newport Plaza Assocs., L.P., 985 F.2d 640, 645 (1st Cir. 1993) ("a contract which within the realm of reason can bear only a single plausible interpretation can be so construed by the court as a matter of law").  Paragraph 22 of the Mortgage provides that the Lender must send the Borrower the above-discussed Notice of Default, and

> [i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by the Security Instrument (i.e. accelerate) *without further demand* and may invoke the statutory power of sale . . . .
>
> If Lender invokes the statutory power of sale, Lender shall mail a copy of a notice of sale to Borrower . . . .

See Mortgage, at ¶ 22 (parenthetical and emphasis added).

As indicated by Paragraph 22, it contemplates a notice of default, acceleration without further demand, and then a notice of sale.  Only two notices are required by Paragraph 22:  (1) a notice of default, and (2) a notice of sale.  A notice of acceleration is not required and is specifically excluded, as indicated by the "without further demand" language.  See Mortgage, at ¶ 22.  Accordingly, Plaintiff cannot state a claim for failure to send an acceleration notice.

## II.   Count II – Breach of Covenant of Good Faith and Dealing

Plaintiff claims that Defendants violated the implied covenant of good faith and fair dealing in the mortgage contract by attempting to exercise the power of sale without the lender having first sent a proper notice of default and a subsequent acceleration notice.  See *Complaint*, ¶¶ 27-33.  This count should be dismissed for the same reasons that are discussed above.  As indicated by the record in this case, which may be considered for purposes of this

8

motion, the holder of the note and mortgage invoked the power of sale and caused a valid notice of default to be sent to Plaintiff. See supra. Also, a separate acceleration notice is not required by the Mortgage. See supra.

### III.  Count III – Injunctive Relief

This count seeks a preliminary and permanent injunction against mortgage foreclosure for the same reasons that are discussed above. Accordingly, this claim should be denied for the same reasons that are discussed above, as the Complaint fails to state a claim pursuant Rule 12(b)(6). In addition, the Honorable Richard A. Licht, Associate Justice of the Rhode Island Superior Court, already found that Plaintiff does not have a substantial likelihood of success on the merits. See Exhibit F.

### IV.  Count IV – Violation of the Rhode Island Fair Debt Collection Practices Act

Plaintiff alleges that PLS, who services the Mortgage, is a "debt collector" as defined by RI Gen. Laws § 19-14.9-3 and is liable under Rhode Island's Fair Debt Collection Practices Act. See *Complaint*, ¶¶ 42-55. It is not necessary for the Court to reach the sufficiency of Plaintiff's allegations because § 19-14.9-3(5)(f)(3) specifically excludes a person collecting debt "in connection with a debt secured by a mortgage." See RI Gen. Laws § 19-14.9-3(5)(f)(3). In pertinent part, this statute provides that

> Debt collector shall not include:
>
> * * *
>
> > (f) A person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity:
>
> * * *

> (3) Concerns a debt which was not in default at the time it was obtained by the person ***or in connection with a debt secured by a mortgage, when first serviced by the person***;

See RI Gen. Laws § 19-14.9-3(5)(f)(3).

There is no question that the debt at issue in this matter has been secured by a mortgage at all times. See *Complaint*, ¶ 3; *Mortgage* (Exhibit A to Complaint). Consequently, PLS is not a "debt collector" within the meaning of RI Gen. Laws § 19-14.9-1 *et seq*. and, thus, cannot be liable thereunder as a debt collector.

Even if Defendants are debt collectors within the meaning of RI Gen. Laws § 19-14.9-3, Count IV should still be dismissed pursuant to Rule 12(b)(6). Foremost, Plaintiff's three primary allegations of wrongdoing have been debunked by documents merged into the pleadings, thereby showing no plausible entitlement to relief for those reasons. See supra.

She also makes the following four conclusory allegations without "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

- PLS "made false representations regarding the character, amount and legal status of the debt." *Complaint*, ¶ 45.

- PLS falsely stated the amount secured by the mortgage loan. *Complaint*, ¶ 46(b).

- PLS "falsely stated the amount claimed to be due in past due interest and charges, in every statement and document sent to Plaintiff since that date." *Complaint*, ¶ 46(c).

- PLS engaged in dual tracking by sending the Notice of Sale dated May 1, 2017 (Exhibit C to the Complaint) because "Pennymac had received an application for loss mitigation." *Complaint*, ¶ 51.

These allegations are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." SEC, 597 F.3d at 442. Plaintiff does not plead any supporting facts. For example, she does not plead any information explaining how PLS's statements were false in any way.

Regarding her dual tracking allegation, such conduct occurs when a mortgagee proceeds with foreclosure where a *completed* loan modification has been submitted and is *pending review*. See, e.g., Brickett v. HSBC Bank USA, N.A., 52 F. Supp. 3d 308, 312 (D. Mass. 2014). Plaintiff does not include any allegations regarding the type of loss mitigation sought, when she submitted a package, whether it was complete, and whether it was still pending review at the applicable time. She simply states that PennyMac received an application prior to scheduling any foreclosure. Assuming Plaintiff is referring to her requests for a short sale, all such requests were denied. See *Morton Affidavit*, at ¶¶ 11-13. There was no completed loss mitigation application pending at the time that the foreclosure sale was noticed, which had not been addressed, see id., and there are no allegations to the contrary in the Complaint. See generally *Complaint*. Consequently, Count IV fails to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, the Complaint fails to state a claim upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

PENNYMAC HOLDINGS, LLC AND
PENNYMAC LOAN SERVICES, LLC,

By its attorneys,

/s/ *Carl E. Fumarola*
Carl E. Fumarola, Bar No. 6980
Nelson Mullins Riley & Scarborough LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
Tel:  401-519-3850
Fax: 401-519-3601
Email: carl.fumarola@nelsonmullins.com

Date:  July 27, 2017

## CERTIFICATE OF SERVICE

I, Carl E. Fumarola, certify that on this 27th day of July, 2017, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.  The foregoing document is available for viewing and downloading from the ECF system.

/s/ *Carl E. Fumarola*
Carl E. Fumarola