**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SHARON VIENS,
Plaintiff,

v.

PENNYMAC HOLDINGS LLC, and
PENNYMAC LOAN SERVICES, LLC,
Defendants.

C.A. No. 17-cv-00341-M-PAS

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Defendants PennyMac Holdings, LLC ("PennyMac Holdings") and PennyMac Loan Services, LLC ("PLS") (together, "Defendants") hereby file their Opposition to Plaintiff Sharon Viens' ("Plaintiff") second Motion for a Temporary Restraining Order to enjoin a foreclosure sale scheduled for November 15, 2017. The motion must be denied.

First, Plaintiff and her counsel have known for at least two months of the scheduled November 15, 2017, foreclosure sale. Despite this, Plaintiff filed her motion through counsel on the eve of the foreclosure in a clear and inappropriate attempt to prejudice Defendants' ability to respond thereto with necessary evidence and case law. These issues could and should have been litigated at any point during the prior two months, and counsel's litigation-by-ambush tactics should not be countenanced.

Second, and in fact, these issues have already been litigated in full when Plaintiff sought to enjoin the foreclosure sale in the state court prior to removal on the same grounds raised herein. The state court found Plaintiff's allegations meritless and denied the motion after extensive briefing and a hearing thereon. The allegations have been fully and finally heard, and Plaintiff is not entitled to a second bite at the apple.

Finally, not only is Plaintiff unable to establish a likelihood of success on the merits of her allegations, but her allegations are knowingly false. She claims that "[t]here is no dispute that the Defendants have not mailed the Plaintiff an acceleration notice pursuant to the terms of the mortgage." See Plaintiff's Memorandum, p. 1. Yet Plaintiff references (and challenges) late in her papers a March 3, 2015, notice of default and intent to accelerate that was sent to her by PLS by certified mail. Id., pp. 16-20. This notice of default was the centerpiece of the prior injunction hearing in state court and comes as no surprise to Plaintiff. Plaintiff's attempt to turn a blind eye to the notice—and claim that no such notice was ever sent in clear contradiction to the evidence—is troubling at best and likely violative of Fed. R. Civ. P. 11(b)(3).[1] As Plaintiff knows, the notice of acceleration was sent to her in full compliance with the mortgage. Thus, Plaintiff's motion must be denied because her sole allegation—that the notice of acceleration was never sent (or, inconsistently, that its contents failed to comply with Paragraph 22 of the Mortgage)—is false.

**BRIEF FACTUAL & PROCEDURAL HISTORY**

PennyMac Holdings is the holder of a promissory note executed by Plaintiff on September 4, 2007. See Exhibit B – *Defendants' Opposition to Plaintiff's State Court Preliminary Injunction Motion*, Affidavit of Johnny Morton, ¶ 8.[2] PennyMac Holdings is also the holder of the mortgage granted by Plaintiff on real property located in Providence, Rhode

[1] Moreover, Plaintiff, through counsel, has exhibited a pattern of questionable practices. For example, Plaintiff recently filed her fourth bankruptcy petition in two years, all of which have been dismissed within mere months after filing. The bankruptcy filings are objectively intended to delay the foreclosure sale (and possible other collection actions) and are a clear misuse of the bankruptcy courts. Indeed, one such filing has already delayed this action. See Docket.

[2] Defendants submit three exhibits, which are portions of the state court record: Plaintiff's motion for a preliminary injunction in state court (Exhibit A), Defendants' Opposition thereto with affidavit and attachments (Exhibit B), and the state court's order denying the motion (Exhibit C). These papers are part of the state court record filed in this case, see ECF No. 6, but Defendants submit them herewith for ease of reference.

Island that secured the note. Id. PLS is the loan servicer for PennyMac Holdings. See Ex. B, Morton Affidavit, ¶ 4. Plaintiff defaulted on the loan. Accordingly, PLS sent, by certified mail, a "Notice of Default and Intent to Accelerate" to Plaintiff at the subject property on March 3, 2015. See Ex. B, Morton Aff., ¶ 9 & Exhibit B thereto ("Notice of Default"). The Notice of Default complied in all respects with, and was sent pursuant to, Paragraph 22 of the Mortgage. See Notice of Default.

Plaintiff failed to cure her default thereafter, and a foreclosure sale was duly noticed and scheduled for June 21, 2017. See Ex. B, Morton Aff., ¶ 10. Plaintiff filed her Complaint in state court on June 19, 2017. See ECF No. 1-1. Plaintiff requested and received an ex parte temporary restraining order that enjoined the sale. See ECF No. 6, pp. 26-27. However, the state court denied her request for a preliminary injunction of the sale by Order dated July 17, 2017, thereby denying the same arguments concerning the acceleration notice that she makes herein. See Exhibit A – *Plaintiff's State Court Motion for a Preliminary Injunction*; Ex. B – *Defendants' Opposition*; Exhibit C – *State Court's Order Denying Plaintiff's Request for a Preliminary Injunction*. However, Plaintiff then filed a fourth bankruptcy proceeding, which prevented the foreclosure sale from going forward.

Defendants then removed the action to this Court. See ECF No. 1. The foreclosure sale is currently scheduled for November 15, 2017. See Plaintiff's Motion.

**STANDARD OF REVIEW**

"The standard to be applied to determine whether to issue a temporary restraining order is identical to the standard applied for preliminary injunctions." Kellam v. Burnley, 673 F.Supp. 71, 72 (D.R.I. 1987). The Court weighs four factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied;

(3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005). The likelihood of success on the merits is the most important factor of the four. Id. A preliminary injunction or temporary restraining order is an "extraordinary remedy" that may only be entered if the plaintiff makes a clear showing that she is entitled to such relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

## ARGUMENT

### I. Plaintiff is Not Entitled to Federal Court Review of the State Court's Order.

Plaintiff already moved to enjoin the foreclosure sale in state court. See Exs. 1-3. Her request was premised in part on the exact same allegation raised in her instant motion—that no notice of default and intent to accelerate was sent as required by Paragraph 22 of the Mortgage. See generally Ex. A. The state court denied her motion after it had been fully briefed and after a hearing. See Ex. C. Plaintiff is precluded from seeking the same relief in this Court that the state court already denied. See 28 U.S.C. § 1450 (where an action has been "removed from a State court to a district court of the United States," all "injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

Plaintiff effectively ignores § 1450. She asserts no error made by the state court in denying her motion on the basis of the same allegations after extensive briefing and a hearing, nor does she proffer any reason why these same allegations must be litigated again in a different forum on the eve of foreclosure. Her motion must be denied for this reason alone.

## II. Defendants Sent the Requisite Notice of Default and Intent to Accelerate.

As noted, Plaintiff falsely claims that "[t]here is no dispute that the Defendants have not mailed the Plaintiff an acceleration notice pursuant to the terms of the mortgage." See Plaintiff's Memorandum, p. 1. To the exact contrary, there is no dispute that the acceleration notice was sent to Plaintiff by certified mail.

Defendants submitted in the state court a true and accurate copy of the Notice sent to Plaintiff on March 3, 2015, with certified mailing label.[3] See Notice of Default (attached as Exhibit B to Morton Affidavit). The Notice—sent to Plaintiff at the subject property—complies in all respects with Paragraph 22 of the Mortgage. Namely, the Notice specifies (a) Plaintiff's default, (b) the actions required to cure the default, (c) a date, not less than 30 days from the date the Notice was sent, by which Plaintiff must cure her default, (d) that the failure to cure the default on or before the date specified may result in acceleration of the sums secured and sale of the Property, and (e) Plaintiff's right to reinstate after acceleration, and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale, among other things. See Notice of Default. See also ECF No. 1-1, Ex. A (Mortgage), ¶ 22.

Because Plaintiff failed to cure her default, the debt was lawfully accelerated, the power of sale invoked, and foreclosure scheduled. See Ex. 2, Morton Aff., ¶ 10. See also ECF No. 1-1, Ex. A, ¶ 22 ("If the default is not cured … Lender at its option may require immediate

---

[3] In fact, at least two such notices were sent to Plaintiff following her 2008 default: the March 3, 2015, letter sent by PLS, and a July 3, 2008 letter sent by a prior servicer. Because there is no requirement (or need for) multiple acceleration notices, Defendants focus herein solely on the 2015 letter. But Plaintiff's argument that no notice was sent is especially false and disingenuous in light of the fact that two such letters were sent. She was repeatedly informed that she was in default, she could cure her default, and that the loan would be accelerated if she failed to do so.

payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE.").

**III. Only One Notice of Default and Intent to Accelerate Need Be Sent.**

Plaintiff implies in her motion (but does not outright argue, or provide legal support for the proposition) that a notice of default and intent to accelerate must be sent anew after postponement of a sale, as occurred here. See Plaintiff's Memorandum, p. 2 (referencing Paragraph 19 of the Mortgage and implying that notice of acceleration must be sent in relation to each adjourned sale date).

This is simply untrue. First, nothing under Rhode Island law requires this procedure, nor has Plaintiff argued that it does.

Second, Plaintiff's mortgage does not require this procedure, either. Paragraph 22 requires that the lender "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." See ECF No. 1-1, Ex. A, ¶ 22. Thus, the only requirements as to timing is that the notice is given *prior to acceleration*, with an opportunity to cure the default prior thereto and/or reinstate after. See id. There is no requirement of multiple notices of acceleration. The mortgage unequivocally provides the borrower the right to one notice of acceleration prior to acceleration. The March 3, 2015, notice fully complied with this requirement. See Notice of Default.

Nothing in Paragraph 19 of the Mortgage, to which Plaintiff cites, is to the contrary. Paragraph 19 provides the borrower the right to have enforcement discontinued up until a certain time period prior to foreclosure if the borrower reinstates the loan to the lender's satisfaction. See ECF No. 1-1, Ex. A, ¶ 19. Plaintiff was informed of this right in the March

3, 2015 letter. See Notice of Default, p. 2 ("You have the right to 'cure' or reinstate the loan after acceleration.").

Thus, the undisputed facts are that Plaintiff defaulted on her loan, PLS sent notice of her default and the intent to accelerate by certified mail on March 3, 2015 in full compliance with Paragraph 22 of the Mortgage and prior to acceleration, and Plaintiff has failed to cure her default or reinstate her loan since that date to the present. Accordingly, under the unequivocal terms of the Mortgage, PennyMac Holdings is entitled to foreclose. See also ECF No. 1-1, Ex. A, ¶ 22 ("If the default is not cured ... Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE.").

**IV. The Notice Complied with Paragraph 22 of the Mortgage.**

Despite earlier claiming that no notice was ever sent, Plaintiff shifts her theory in closing and argues that—even though the notice was sent—it failed to comply with Paragraph 22 of the Mortgage. See Plaintiff's Memorandum, pp. 16-20. Plaintiff's attempt to argue on the one hand that the notice was never sent, and argue on the other that it was sent but fails to comply with the mortgage, must be rejected as not only violative of Rule 11 but also nonsensical.

In any event, the March 3, 2015, letter fully complied with Paragraph 22 of the Mortgage. First, Plaintiff implies that the Notice was required to come from PennyMac Holdings directly, not through the loan servicer, PLS. See Plaintiff's Memorandum, p. 17. This is incorrect under Rhode Island law. See, e.g., Bowman v. Nationstar Mortg. LLC, 2016 U.S. Dist. LEXIS 160352, at *1-2 (D.R.I. Nov. 16, 2016) (dismissing claim alleging that Paragraph 22 notice improperly originated from servicer rather than directly from lender)

("Rhode Island law provides that a Lender's servicer, like Nationstar, can legally provide a mortgagee with notices of acceleration and foreclosure under the mortgage contract."); Cornejo v. Bank of N.Y. Mellon, 2016 U.S. Dist. LEXIS 110032, at *6-7 (D.R.I. Aug. 17, 2016) (same).

Second, Plaintiff takes issue with certain language contained in the letter referencing her right to reinstate the loan and bring a pre-foreclosure action that she deems "conditional." See Plaintiff's Memorandum, p. 16. The irony of her argument is that she in fact filed a pre-foreclosure action as allowed under the mortgage, which is the instant action pending before the Court. Plaintiff was clearly not confused or misled by any language concerning that right. As to reinstatement, Plaintiff—who has been represented by counsel throughout—clearly understands her right to reinstate (insofar as she challenges whether and to what extent the March 3rd notice expressed this right), but has never indicated a desire or ability to reinstate the mortgage loan. She has had well over two years to cure her default or reinstate the loan but is unable or unwilling to do so. Her Paragraph 22 arguments must be rejected.

**V. Plaintiff Was Not Entitled to a Further Notice of Sale.**

Plaintiff also appears to claim that Defendants erred in not sending her a "notice" after August 28, 2017, "that the sale had been adjourned to another date." See Plaintiff's Motion, ¶ 9. This argument is moot in light of the fact that Plaintiff and her counsel were informed of the November 15, 2017, sale date, as evidenced by the fact that she has moved to enjoin the same. See id., ¶ 7 ("Defendants have scheduled a foreclosure sale on November 15, 2017 at 1:00 PM, which was scheduled pursuant to a Notice of Sale dated June 30, 2017.").

In any event, Plaintiff is again incorrect. Once the original sale date was temporarily adjourned due to Plaintiff's attempts to stall the same through litigation, PennyMac Holdings

was not required to send an additional notice of the adjourned sale date to Plaintiff or her counsel. See, e.g., McGovern v. Bank of Am., N.A., 91 A.3d 853, 859-860 (D.R.I. 2014) (where there was no dispute that mortgagor "received proper notice ... of the original foreclosure sale" and that notice of the adjourned sale was continuously published on a weekly basis, no re-notice to plaintiff was required under Rhode Island law, and the "plaintiff's subjective lack of awareness of the continued publication of these advertisements is irrelevant."); see also G.L. 1956 §§ 34-11-22, 34-27-4(a).

As in McGovern, Plaintiff does not dispute (and in fact admits) that she received notice of the original sale date. Nor does Plaintiff dispute that Defendants have complied with §§ 34-11-22 and 34-27-4(a) in continuously publishing notice of the adjourned sale. Even if Plaintiff had a subjective lack of awareness of this publishing, this is irrelevant. See McGovern, 91 A.3d at 859-860.

## CONCLUSION

Plaintiff's motion is not only directly belied by the undisputed evidence, but is filed knowingly in spite of that evidence and after the state court has already rejected the same allegations. Defendants have been forced to extensively litigate baseless allegations twice in two different forums. Defendants request that the Court deny Plaintiff's motion for a temporary restraining order of the sale for all of the reasons stated herein.

[*Signatures on Next Page*]

Respectfully submitted,

PENNYMAC HOLDINGS, LLC AND
PENNYMAC LOAN SERVICES, LLC,

By its attorneys,

*/s/ Carl E. Fumarola*

Carl E. Fumarola, Bar No. 6980
Nelson Mullins Riley & Scarborough LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
Tel: 401-519-3850
Fax: 401-519-3601
Email: carl.fumarola@nelsonmullins.com

Date: November 14, 2017

**CERTIFICATE OF SERVICE**

I, Carl E. Fumarola, certify that on this 14th day of November, 2017, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date. The foregoing document is available for viewing and downloading from the ECF system.

/s/ *Carl E. Fumarola*
Carl E. Fumarola